IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILFORD REDHOUSE, SR.,

    Plaintiff,

vs.                                      Civ. No. 99-1414 SC/WWD ACE

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter came before the Court on October 25, 2000, for an oral Rule 16 conference with counsel. The question presented was whether Calvin Bigler, M.D., who is no longer an employee of the United States, could appear at the deposition of James Edney, M.D., an expert for the Plaintiff in Plaintiff's malpractice claim against the United States. Normally, since Dr. Bigler is neither an expert nor a party in this lawsuit, he would not be allowed to be present at the taking of the deposition of an expert who will presumably conclude that, in his opinion, Dr. Bigler has committed malpractice. Since Dr. Bigler would be allowed to attend the deposition if he were still an employee of the United States, I decline to bar his attendance based solely on the fact that he is no longer so employed. This conclusion is reinforced by the reputation interest which Dr. Bigler has at stake in this lawsuit notwithstanding the fact that he is not a party to the lawsuit. At the same time, it would be unseemly to have Dr. Bigler present for the purpose of assisting government counsel in such a way as to harass Plaintiff's expert. Accordingly, Dr. Bigler shall not communicate with government counsel during the deposition; provided, however, when

government counsel has substantially finished her interrogation of the witness, she may take a short recess for the purpose of conferring with Dr. Bigler as to any areas which need any further exploration before the deposition is completed.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE